NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1592 |
| Plaintiff - Appellee, | D.C. No. 8:17-cr-00053-JLS-1 |
| v. | |
| DAVID HOBART PAYNE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted March 28, 2025**
Pasadena, California

Before: TASHIMA, NGUYEN, and MENDOZA, Circuit Judges.

Defendant-Appellant David Payne ("Payne") appeals his jury conviction for

conspiracy and substantive violations of the honest-services fraud statute, 18

U.S.C. § 371 (Conspiracy) and §§ 1343, 1346 (Wire Fraud Involving Deprivation

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of Honest Services), and for using an interstate facility in aid of unlawful activity under the Travel Act, 18 U.S.C. § 1952(a). On appeal, Payne challenges the sufficiency of the indictment on three grounds: (1) the scope of the honest-services fraud statute does not extend to physician-patient relationships; (2) honest-services fraud requires that the defendant cause or intend to cause some kind of tangible harm to the fraud victim, which the indictment did not allege; and (3) the Travel Act counts fail to state an offense because the California state offenses underlying the Travel Act counts are overbroad. With regard to the first and second grounds, Payne challenges the jury instructions as well.

We have jurisdiction under 28 U.S.C. § 1291. Preserved objections to jury instructions on the grounds that the instructions misstate or omit an element of the charged offense are reviewed de novo. *United States v. Anderson*, 741 F.3d 938, 945 (9th Cir. 2013). Absent an objection to the jury instruction, the court reviews for plain error. *Id.* Pre-trial challenges to the sufficiency of an indictment are reviewed de novo. *United States v. Qazi*, 975 F.3d 989, 992 (9th Cir. 2020). For challenges to the indictment made post-trial, plain error applies. *Id.* We affirm.

1.  Payne's argument that his indictment was legally defective because the honest-services fraud statute does not extend to doctor-patient relationships is foreclosed by *United States v. Solakyan*, 119 F.4th 575 (9th Cir. 2024). In *Solakyan*, we considered whether the physician-patient relationship fell within our

2

definition of a fiduciary relationship and held that it "squarely" does. *Id.* at 585.

"[H]onest-services mail fraud, as proscribed by 18 U.S.C. §§ 1341 and 1346, encompasses bribery and kickback schemes that deprive patients of their intangible right to the honest services of their physicians."[1] *Id.* Accordingly, the indictment was sufficient, and the district court properly instructed the jury.

2.      Payne's argument that honest-services fraud requires that the defendant cause or intend to cause some kind of tangible harm to the fraud victim is likewise squarely foreclosed by *Solakyan*. *Id.* at 587. There we held that "actual or intended tangible harm is not an element of honest-services fraud." *Id.* Thus, the indictment was sufficient, and the district court properly instructed the jury. Accordingly, Payne has not established any error, much less plain error, in his prosecution for honest-services wire fraud under §§ 1343 and 1346.

3.      Lastly, Payne challenges the sufficiency of the indictment on a third ground: the Travel Act counts are categorically overbroad and thus require dismissal. In his view, to serve as Travel Act predicates, the California bribery statutes must be categorical matches for generic bribery, but California's bribery

---

[1]      Although Payne was charged and convicted for wire fraud under 18 U.S.C. § 1343, *Solakyan*'s holding is equally applicable to him, as "[i]t is well settled that cases construing the mail fraud and wire fraud statutes are applicable to either." *United States v. Green*, 592 F.3d 1057, 1063 n.3 (9th Cir. 2010) (citation omitted); *see also United States v. Manion*, 339 F.3d 1153, 1156 (9th Cir. 2003) (per curiam) (noting that the elements of wire and mail fraud are the same).

3

statutes are too broad to serve as Travel Act predicates because generic bribery requires a finding of corrupt intent, which is absent from California's bribery statutes. Contrary to Payne's contention, the generic definition of bribery does not include an element of corrupt intent, and this Court recently held in *United States v. Shen Zhen New World I, LLC*, 115 F.4th 1167, 1185 (9th Cir. 2024), that the Travel Act's underlying state predicate offenses need not be categorical matches for generic bribery. Surveying the law as it existed in 1961, we conclude that generic bribery does not include an element of corrupt intent. *Id.* at 1183 ("The generic definition of bribery in 1961 thus controls what the Travel Act proscribes."); *United States v. Garcia-Jimenez*, 807 F.3d 1079, 1084 (9th Cir. 2015) ("A court applying categorical analysis ordinarily surveys a number of sources—including state statutes, the Model Penal Code, federal law, and criminal law treatises—to establish the federal generic definition of a crime."). Turning to the second flaw in Payne's argument, *Shen Zhen* held that "[e]ven if broader, state law violations can serve as predicates under the Travel Act if the jury convicted the defendant based on elements that conformed to the generic definition of the crime." 115 F.4th at 1185. Thus, because the California statutes that Payne was convicted under include elements that conform to the generic definition of bribery, the indictment is sufficient.

     **AFFIRMED.**